**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALLY G. BRAGG, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br><br> Defendant. | **Case No.** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*;** <br><br> 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.*** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** Sally G. Bragg ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda"), complaining as to the conduct of Capital One Bank (USA), N.A. ("Defendant") as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

2.      Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

jurisdiction exists for the state law RFDCPA claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California, and Plaintiff resides in the Eastern District of California.

## PARTIES

4.     Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5.     Defendant is a foreign corporation with its principal place of business located in McLean, Virginia. Defendant is one of the nation's largest financial institutions, and regularly contacts consumer living in California.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigned, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.     Prior to the events giving rise to this cause of action, Plaintiff incurred a credit card debt with Defendant ("subject debt").

8.     Due to unforeseen financial hardship, Plaintiff fell behind on her payments towards the subject debt.

9.     On or around November 2019, Plaintiff began receiving calls from Defendant to her cellular phone, (916) XXX-9865, in an attempt to collect the subject debt.

10.    At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 9865. Plaintiff is and has always been financially responsible for this telephone and its services.

11. On or around November 9, 2019, Plaintiff answered a call from Defendant and informed them she was filing for bankruptcy, provided her attorney contact information, and asked Defendant to please correspond with her attorney.

12. Failing to acquiesce to Plaintiff's demand to correspond with her attorney, Defendant continued to call Plaintiff's cellular phone.

13. On or around November 19, 2019, Plaintiff again answered a call from Defendant and informed them once more about her bankruptcy and requested they cease calling her cellular phone.

14. Notwithstanding Plaintiff's request that Defendant cease calling her and to correspond with her attorney, Defendant continue to place frequent calls to Plaintiff's cellular phone between November 2019 and the present day.

15. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

17. Plaintiff's demands that Defendant's phone calls cease went unheeded and Defendant continued its phone harassment campaign.

18. With knowledge that the calls were unwanted, Defendant disregarded Plaintiff's demand and continued to harass and abuse Plaintiff.

**DAMAGES**

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

3

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of privacy, Plaintiff was forced to seek the assistance of counsel to file this action the compel Defendant to cease its unlawful conduct.

## **COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION**

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly sent or caused to be sent frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response

during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between November 2019 and the present day, after being told Plaintiff was filing bankruptcy, using an ADTS without her consent.

30. Any prior consent Defendant had to place calls to Plaintiff's cellular phone, if any, was revoked by Plaintiff's verbal revocation.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through their agents, representatives, subsidiaries, this party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, SALLY G. BRAGG, respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be in violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.11(e)**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

41. Defendant violated the RFDCPA when it continuously placed phone calls to Plaintiff's cellular phone after she informed them she was filing for Bankruptcy and to contact her attorney. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of the phone calls shows that

Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

42. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue calling Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, SALLY G. BRAGG, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: December 30, 2019                                   Respectfully submitted,

                                                          **SALLY G. BRAGG**

                                                          By: */s/ Nicholas M. Wajda*

                                                          Nicholas M. Wajda (State Bar No. 259178 )
                                                          **WAJDA LAW GROUP, APC**
                                                          6167 Bristol Parkway
                                                          Suite 200
                                                          Culver City, California 90230
                                                          Telephone: 310-997-0471
                                                          Facsimile: 866-286-8433
                                                          E-Mail: nick@wajdalawgroup.com

7